USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/23/2023____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CRYSTAL LOPEZ,

                Plaintiff,

        v.

POLICE OFFICER CHRISTOPHER GUZICZEK,
JOHN DOE POLICE OFFICERS 1-5, their true
names and identities are presently unknown, sued
individually and in their capacity as police officers of
the Westchester County police department,

                Defendants.

21 CV 10099 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge

        Presently before the Court is Plaintiff's motion for an extension of time to serve Defendant. For the reasons stated below, Plaintiff's request is granted.

        On November 26, 2021, Crystal Lopez ("Plaintiff") commenced the instant federal action by her filing of the Complaint. (ECF No. 1.) On March 6, 2023, the Court issued an Order to Show Cause (the "OSC"; ECF No. 3), ordering that Plaintiff show cause in writing on or before March 27, 2023 why her claims against Defendants should not be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b), as there had been no further activity in the case since it was commenced. The Court noted that failure to comply with the OSC would result in dismissal of this action for want of prosecution. On March 27, 2023, Plaintiff filed a letter response to the OSC notifying the Court of Plaintiff's intention to prosecute this action. (ECF No. 5.) Accordingly, on March 29, 2023, this Court vacated the OSC and directed Plaintiff to file an Amended Complaint on ECF. (ECF No. 6.) Plaintiff subsequently filed an Amended Complaint

on March 31, 2023, which Plaintiff served on Defendant Officer Christopher Guziczek ("Defendant Guziczek") and Defendants John Doe #1 and #2 on June 23, 2023. (ECF Nos. 7-10.) Proof of such service was not filed until July 29, 2023. (*Id.*) However, service was defective because Plaintiff failed to attach a court-issued summons pursuant to Federal Rule of Civil Procedure 4(a). (ECF Nos. 8-10.)

Counsel for Defendant Guziczek noted the deficient service in their Letter Motion dated September 6, 2023. (ECF No. 11.) In that Letter Motion, Defendant also requested the Court compel Plaintiff to show cause why the case should not be dismissed for failure to provide an executed 160.50 release pursuant to Local Rule 83.10. (*Id.*) Plaintiff's counsel filed a declaration in response stating he had not realized the summons had not been issued, he sent the 160.50 release to Plaintiff and instructed her how to complete the forms, and he retained a licensed process server to serve Defendants with the Amended Complaint, Summons, and 160.50 waiver. (ECF No. 16.) Plaintiff also requested an issuance of summons on September 11, 2023, which the Clerk of the Court issued the next day. (ECF No. 13, 17.) As of the date of this Order, Plaintiff has not filed further proof of service on Defendant Guziczek or indicated she has provided the executed 160.50 release.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . ." Fed. R. Civ. P 4(m). If, however, "the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Accordingly, there are two means by which a court can grant an extension: (1) upon a showing of good cause; or (2) within its

discretion. *Id.*; *see also Zapata v. City of New York*, 502 F.3d 192, 195–96 (2d Cir. 2007) (holding an extension proper "even in the absence of good cause"). "The following two factors are relevant in a Court's evaluation of good cause: (1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Green v. Jacob & Co. Watches, Inc.*, 248 F. Supp. 3d 458, 465 (S.D.N.Y. 2017) (internal quotation marks omitted) (quoting *Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt. Indus. Co.*, 13-CV-7639 (LTS) (FM), 2016 WL 3926449 (S.D.N.Y. July 15, 2016)).

Here, the Court will exercise its discretion to grant the extension on the service deadline. *See e.g.*, *Zapata*, 502 F.3d at 196. The Second Circuit has consistently held that Rule 4 should be construed liberally and that "incomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986). Plaintiff promptly responded to the Court's orders and deadlines, filing an Amended Complaint by the date set by the OSC and requesting an issuance of summons less than a week after the Court ordered Plaintiff to respond to Defendant's September 6, 2023 Letter Motion. Moreover, Plaintiff did attempt to execute service within the 90-day deadline of Rule 4, serving the Amended Complaint (albeit without the court-issued Summons) 84 days after filing. Finally, Plaintiff's status reports *voluntarily* filed on September 20, September 21, September 28, and October 13, 2023 (ECF Nos. 18-22) further demonstrate Plaintiff's and her counsel's continued due diligence to sign the 160.50 waiver. While she has not filed an affidavit of service, Plaintiff has also indicated she served Defendant Guziczek with the Summons and Amended Complaint. (ECF No. 22); (Pl. Mem. at 6).

Plaintiff's request for an extension of time is GRANTED for good cause. The deadline for Plaintiff to serve Defendant Guziczek with the Amended Complaint and Summons and to provide him with an executed 160.50 release is November 17, 2023. Such extension is deemed the final extension. The Clerk of the Court is directed to terminate the motions at ECF Nos. 11 and 23.

SO ORDERED:

Dated:   October 23, 2023
       White Plains, New York

                                                NELSON S. ROMÁN
                                    United States District Judge