USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRYSTAL LOPEZ,

                              Plaintiff,

   -against-

POLICE OFFICER CHRISTOPHER GUZICZEK,
POLICE OFFICER JOHN DOE 1, and POLICE
OFFICER JOHN DOE 2,

                              Defendants.

No. 21-CV-10099 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff, Crystal Lopez ("Plaintiff"), commenced this action under 42 U.S.C. § 1983, asserting claims of excessive force, false arrest, cruel and unusual punishment, fabrication of evidence, malicious prosecution, and deliberate indifference. (*See* Amended Complaint "Amend. Compl.", ECF No. 7.) Plaintiff sought to bring claims against her arresting officers stemming from an incident on November 27, 2018, which includes Officer Christopher Guziczek, and two unidentified officers named in the Complaint as John Doe 1 and John Doe 2 (collectively, the "Defendants"). On December 12, 2024, this Court granted Defendants' motion to dismiss and found that Plaintiff's claims were time-barred. Accordingly, the Court dismissed Plaintiff's claims with prejudice and terminated the action. Plaintiff now requests that the Court reconsider its decision.

    Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff has moved for reconsideration of the Court's December 12, 2024 decision. (the "Motion", ECF No. 52.) For the following reasons, Plaintiff's Motion is DENIED.

**PROCEDURAL HISTORY**

    On November 26, 2021, Plaintiff filed the original Complaint. (ECF No. 1.) On March 6, 2023, the Court *sua sponte* issued an order to show cause for failure to prosecute. (ECF No. 3.) On

1

March 27, 2023, Plaintiff filed a response to the Court's order to show cause by providing an analysis for why the Complaint should not be dismissed. (ECF No. 5.) On March 29, 2023, the Court then vacated its order to show cause. (ECF No. 6.) On March 31, 2023, Plaintiff filed an Amended Complaint. (ECF No. 7.) On May 2, 2024 the parties completed briefing related to the Defendants' motion to dismiss. On December 12, 2024, the Court issued its opinion granting Defendants' motion and found that Plaintiff's claims had been time-barred. On January 9, 2025, the Plaintiff filed a motion to reconsider (the "Motion"). (ECF No. 52.) On January 23, 2025, Defendants filed a memorandum of law in opposition (the "Opp."). (ECF No. 53.) On February 6, 2025, Plaintiff filed her reply. (ECF No. 54.)

## FACTUAL BACKGROUND

On November 27, 2018, at or around midnight, Plaintiff, along with another female passenger, were being driven by Wayne Balfour on the Cross County Parkway. (Amend. Compl. at ¶ 10.) While driving, the car abruptly shut off and Balfour veered to the shoulder of the parkway and put the car in park. (*Id*. at ¶ 12.) At the time, none of the passengers had a working phone to call for assistance. (*Id*. at ¶ 13.) Fearing being struck by an oncoming car, the occupants of the car decided to split up and go out in search of help on foot. (*Id*.) Plaintiff found her way onto Mount Vernon High School's schoolgrounds. (*Id*. at ¶ 15.) Shortly thereafter, Plaintiff was confronted by Westchester County Public Safety who asked why she was on schoolgrounds at this hour. (*Id*. at ¶ 17.) Plaintiff explained the circumstances leading to her being on school property. (*Id*. at ¶ 21.) But instead of offering assistance, Westchester County Public Safety officers, including Officer Guziczek and two others, arrested Plaintiff. (*Id*. at ¶ 24.) In the Amended Complaint, Plaintiff alleges that she was charged with operating a vehicle while intoxicated, abandoning a vehicle, and

parking violations. (*Id*. at ¶ 29.) Plaintiff proceeded to trial and was acquitted of all charges on May 23, 2019. (*Id*.)

## LEGAL STANDARD

Southern District of New York Local Rule 6.3 provides the applicable standard for a motion for reconsideration. But the standards set forth in both Fed. R. Civ. P. 59(e)—the rule that Plaintiff moves under—and Local Rule 6.3 are identical. *See In re New York Comm. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007). The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). It is within the sound discretion of the district court to grant a motion to reconsider. *See Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.1990). And courts should only amend a judgment "to correct a clear error of law or prevent manifest injustice." *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010).

## DISCUSSION

### FRCP 59(e)

In her motion, Plaintiff moved for reconsideration of the Court's original decision but failed to cite to a specific rule that would provide the basis for her motion. Instead, Plaintiff only cited to case law that set forth the reconsideration standard. In their opposition, Defendants correctly noted that under SDNY Local Rule 6.3, which governs the applicable standard for a

3

motion for reconsideration in this district, a party must serve notice of a motion for reconsideration within 14 days after the entry of the Court's determination for the original motion. Defendants further noted that Plaintiff filed her motion 28 days after entry, and that her motion was therefore, untimely. Helpfully, despite Plaintiff's silence on the applicable rule, Defendants liberally construed Plaintiff's motion to be pursuant to FRCP 60(b)—another vehicle for reconsideration—and provided an analysis for why Plaintiff's motion still failed. Namely, that the standard for a Rule 60(b) motion is similarly reserved for exceptional circumstances and that the primary question for granting such a motion is if there had been an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error. (Opp. at 5.) Defendants argued that none of those circumstances were present here. (*Id*.) In response, Plaintiff dug in and said, "Ms. Lopez would agree that she is silent in seeking relief under Rule 60(b) because, quite frankly, no such motion or relief was made" and that "Ms. Lopez cites the appropriate rule and Second Circuit precedent." (Reply at 3, 6.) Unfortunately, Ms. Lopez did not cite the appropriate rule because it is Rule 60(b) that is applicable to final orders and not Rule 59(e). This is laid bare in the very case that Plaintiff cites in support of her argument. *See Kumaran v. Nat'l Futures Ass'n*, No. 1:20-CV-3668-GHW, 2023 WL 3160116, at *6 (S.D.N.Y. Apr. 28, 2023) (determining that Rule 60(b) motions are the appropriate vehicle for reconsideration of a final order). Here, because the Court had dismissed Plaintiff's claims with prejudice and terminated the action, the Court had issued a final order. *See Spritzer v. Hershkop*, 105 F. App'x 314 (2d Cir. 2004) (noting that a motion to dismiss with prejudice is a final order). As a result, Plaintiff's motion was improperly brought under Rule 59(e) instead of Rule 60(b).

4

**<u>Statute of Limitations</u>**

Despite the Plaintiff's failure to bring the proper motion, the Court will briefly explain why the motion would have otherwise been denied.

Plaintiff brought her claims pursuant to 18 U.S.C. § 1983. In New York, Section 1983 actions are subject to a three-year statute of limitations. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); N.Y. C.P.L.R. § 214 (McKinney 2013). The accrual date of a Section 1983 cause of action for false arrest begins to run when the claimant becomes detained pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). As a result, the accrual date for Plaintiff's false arrest, excessive force, cruel and unusual punishment, and deliberate indifference claims would be the date of Plaintiff's initial arrest on November 28, 2018. (Amend. Compl. at ¶ 10.) With respect to Plaintiff's fabricated evidence and malicious prosecution claims, the accrual date would be the date of Plaintiff's acquittal on May 23, 2019. (*Id*. at ¶ 29.) From these dates, Plaintiff had three years to file a complaint and serve Defendants.

Here, Plaintiff seems to be hung up on the fact that the Court had previously found good cause for her initial failure to timely serve the original Complaint, and somehow construes this to mean that her failure to serve the original Complaint before the statute of limitations ran "is of no consequence." (Motion at 6.) Not so. As the Court previously held, and as the Court will once again lay out for the Plaintiff, when a complaint is filed, "the statute of limitations for the underlying claim is tolled during [Rule 4's 90-day service] period." *Zapata v. City of New York*, 502 F.3d 192, 194 n.4 (2d Cir. 2007) (quoting *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990) (internal quotations omitted)). "If service is not complete by the end of the [90] days, however, *the governing statute of limitations again becomes applicable*, and the plaintiff must refile prior to the termination of the statute of limitations period." *Id*. (emphasis added). Plaintiff

seems to believe that the extension for good cause further tolled the statute of limitations. But the Court's extension of time for good cause had no such effect. And even if there had been additional tolling for the 25 days that the Court had granted Plaintiff to serve her Complaint, the statute of limitations would still have expired long ago. Plaintiff seems to be lost on this point and attempts to disregard the Court's previous analysis as "of no consequence" without citing to any authority or case law. Instead, Plaintiff cites the text of Rule 4(m), which in no way speaks to further tolling of the statute of limitations and only speaks to time for service.

Here, accounting for the only relevant tolling periods—Rule 4's 90-day tolling period and COVID-19 tolling—the three-year statute of limitations on Plaintiff's false arrest, excessive force, cruel and unusual punishment, and deliberate indifference claims expired on July 14, 2022, or October 12, 2022.[1] Accordingly, because service wasn't perfected until October 11, 2023, Plaintiff's false arrest, excessive force, cruel and unusual punishment, and deliberate indifference claims are time-barred. With respect to Plaintiff's malicious prosecution and fabricated evidence claim, these claims would have normally expired on August 21, 2022, when accounting for Rule 4's 90-day tolling period. But due to Governor Cuomo's Executive Order 202.8, Plaintiff's claims expired on January 6, 2023 or April 6, 2023. Accordingly, because service wasn't perfected until October 11, 2023, Plaintiff's malicious prosecution and fabricated evidence claims are also time-barred.

**Relation Back**

Plaintiff similarly makes an incoherent argument for why the Amended Complaint relates back. Rule 15(c) provides the federal standard for relation back. *See Hogan v. Fischer*, 738 F.3d

---

[1] It is not clear whether the 90-day toll of the statute of limitations gets tacked onto the 228-day toll of limitations imposed by Governor Cuomo. *See Benites v. New York Dep't of Corr. & Cmty. Supervision*, 2023 WL 1966181, at *4 n.1. Either way, the statute of limitations would have expired long ago under either date.

509, 517 (2d Cir. 2013). Under Rule 15(c)(1), there are two avenues for relation back: (1) when a Plaintiff seeks to add a new claim "that arose out of the conduct, transaction, or occurrence" in the original pleading; or (2) when a Plaintiff seeks to change "the party or the naming of the party against whom a claim is asserted." Rule 15(c)(1).

Plaintiff's argument that the Amended Complaint should relate back still fails. Without providing any real analysis that would be instructive to the Court, Plaintiff merely cites to the text of Rule 15(c)(1)(C) and summarily states that each element has been met. Plaintiff seems to still misunderstand Rule 15. First, Plaintiff modifying the caption and relief sought does not provide a sufficient basis for relation back. As mentioned, Rule 15(c) only allows for relation back when a claim or party has been changed—not when, as here, minor revisions are made to a caption or when the damages amount is changed from sum certain to one to be determined by a jury. Moreover, Plaintiff's change to the parties involved in this suit is not the sort of change that Rule 15(c)(1)(C) contemplates. Here, Plaintiff does not change the parties by adding a new defendant, by changing the names of any of the existing Defendants, or by naming one of the John Doe Defendants. Rather, Plaintiff merely changes the number of John Doe Defendants from five to two. This was not the sort of mistake that "Rule 15(c)(1)(C) was designed to remedy." Rule 15(c)(1)(C) was added in 1966 to allow suits that were timely filed but that had identified the wrong defendant through *mistaken identity* to proceed without being time-barred. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). Here, Plaintiff has not misidentified a Defendant or otherwise identified a new Defendant.[2] Plaintiff has only made a minor modification to the number of Defendants involved in this suit by whittling down the number of

---

[2] Rule 15(c) does allow for John Doe substitutions but only "when all of the specifications of Fed. R. Civ. P. 15(c) are met." *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.1993). But as mentioned, Plaintiff is not making a substitution and has not satisfied any of Rule 15(c)'s requirements.

7

unidentified defendants from five to two. Rule 15(c) does not provide relief for such modifications. Accordingly, Plaintiff's Amended Complaint does not relate back.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is kindly directed to terminate the motion at ECF No. 52.

Dated: April 16, 2025  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge